# Exhibit I (1)

Hand-Delivered

## Timeline of Harassment, Retaliation and Intimidation

Restraining Order: History of harassment, intimidation, and retaliation following filing with Federal District Court for Hostile Work Environment:

Defendants: Brenda Hauk (hereinafter referred to as BH), Kendra Brown (hereinafter referred to as KB), Susan Lybrand (hereinafter referred to as SL) and Yashiba Douglas.

04/22/2014 – Retaliation and intimidation by KB upon being advised I was filing Hostile Work Environment Complaint: Inappropriate story and cruel expressions of humor while relaying her (KB's) experience with a mentally disabled aunt, which included details of how she had cruelly opted out of aiding her aunt regardless of the level pain her aunt was experiencing due to having a perm burning her scalp. The aunt had not understood that washing out the perm was the only way to resolve the pain until KB's other family members could pin her down and hose her head.

04/29/2014 – Retaliation by KB for filing complaint with Federal US District Court: Gave WF counsel my personal cell phone in lieu of desk phone.

05/06/2014 – Retaliation by KB for filing complaint with Federal US District Court: Use my schedule change to exclude me from a WF EEC event dated 05/08/2014.

05/09/2014 – Requested HR remove me from hostile work environment.

05/10/2014 – Retaliation by KB for filing complaint with Federal US District Court: Schedule change was still not completed and/or corrected timely. Forced to work the afternoon without a break, opted to leave early to avoid conflicts.

05/12/2014 - Requested Legal Department to remove me from hostile work environment. Declined.

05/29/2014 – Retaliation by KB for filing complaint with Federal US District Court: Denied bereavement time for foster mother.

6/10/2014 – Retaliation for contacting HR which was supported by BH and retaliation by KB for filing complaint with Federal US District Court: Denied Bereavement time when policy allowed it and approval by HR had been granted.

06/17/2014 – Retaliation by KB for filing complaint with Federal US District Court which was supported by BH: Failed to call in emergency following the return from aunt's funeral (off cycle check request)

07/01/2014 – Retaliation by KB for filing complaint with Federal US District Court which was supported by BH: Following a volatile incident with another employee, KB moved this employee to sit next to me. Sit move was declined for me.

07/02/2014 – Retaliation by KB for filing complaint with Federal US District Court which was supported by BH: Issued a write up for the month of May and advised one was coming for June, which in July left no opportunity for coaching or improvement for the month of June and a pending informal write up for

Exhibit I (1)

Page 2

the month of July if quota was not improved. Monthly coaching had failed to occur. Overall score was at all times average or above.

On or about 07/17/2014 – At a team meeting, I spoke up about a campaign that was allowed to occur to improve/cheat to bring KB's Q12 score up from 3.87 to 4.99.

On 07/24/2014 - Retaliation by KB for filing complaint with Federal US District Court: SL (another defendant) and BH, hosted a meeting during which my peers attacked me personal, socially and religiously, calling for me to quit my job if I did not like what was going on. Defendants were now including my peers as tools to hurt me further. Primary attacks occurred from Yashiba Douglas on behalf of KB. Since this date, unscheduled breaks and meets have been stage within listening volume of me. Following the verbal attacks by Yashiba Douglas at the meeting on 07/24/2014 and the continued hostility being conducted by KB, my feelings of being attacked are re-experienced daily.

On 07/28/2014 – I reported this incident to the Ethicsline, they never contacted me.

After reporting that my peers had continued to behave hostilely towards me due to the encouragement of leadership, another employee reported the lack of a response I had received from the Ethicsline. On 09/16/2014, my concerns regarding the hostile event that occurred on 07/24/2014 were escalated to HR. I was notified that due to my not initially providing my name and then later logging back to provide my name, the complaint was closed following their speaking with the BH (who had chaired the meeting on 07/24/2014) on 08/11/2014.

On or about 07/29/2014 - Retaliation by KB for filing complaint with Federal US District Court: Denied ability to attend Anti-Bullying Awareness coming in August 2014. KB then recruited other team members to attend the event. Issue was escalated to Diversity & Inclusion Department and HR.

08/08/2014 – Retaliation by KB for filing complaint with Federal US District Court and blatant attempt at intimidation: Falsely accused of violating the use of floating holiday time as a ruse to advise me I could attend the Anti-Bullying Awareness, but KB would appreciate if I did not speak about anything inappropriate (i.e. recent bullying by peers and leadership). Policy had only just been updated on 07/29/2014 while I had a remaining partial day off (four hours of floating holiday time). Following the upcoming use of this time in combination vacation time, it was attempted by KB, with support by BH, that I be forced to use expected floating holiday hours from Labor Day that would cause an Attendance Policy violation and a violation of the new Floating Holiday Policy that requested eight hours be used at a time. This was another attempt to place me in a position to lose my job.

08/29/2014 - Requested entire chain of command, up-to and including President & CEO John Stumpf, to remove me from hostile work environment. Deferred to HR, who still has not removed me from hostile work environment.

On 08/30/2014 – (Just plain cruel) violation of Federal Fair Labor Standards Act by KB and BH on authority from Jeremy Whicker, Department Manager: I found out that my leaders either intentionally or negligently had been denying my use of work time to develop myself.



*Exhibit I (1)*

*Page 3*

On or about 09/03/2014 - BH advised me to prove I was authorized to participate in the development opportunities that I had engaged in. Veiled intimidation that the lack of proof could result in termination of my job. I was able to locate this information and provide it to her that showed KB had authorized me to job shadow and had put it in writing on or about 06/15/2013. At this point there were nearly 40 plus unpaid hours in 2013 and about the same for 2014.

9/11/2014 - Notified HR that KB was touching me in too familiar a manner when it has been made very clear that we were not on any civil terms. KB was attempting to engage me in a passive-aggressive attempt that bullies similarly use to put a bullied victim at ease. This only served to scare me and nearly cause me to flip over in my chair when she approached me in such a manner.

On or about 09/17/2014 – Retaliation by KB for filing complaint with Federal US District Court and blatant attempt at intimidation: KB lied about her understanding of the use of Community Service Work Time when it was requested to work at a volunteer event on site for our My Volunteers Department. Time was denied until BH came to event to verify time being used as agreed. Continued intimidation and support of KB by BH.

09/18/2014 - Retaliation by KB for filing complaint with Federal US District Court and blatant attempt at intimidation: Asked by KB to reduce volume of noise canceling headset so that I would be aware when the supporters arrived. KB and her cohorts stood behind my back and began shuffling around me as if they were about to engage in a physical altercation. These actions followed the posting of a discussion on the company's blog called "What Does Bullying In The Workplace Look Like?" that began on 09/16/2014.

09/23/2014 – Resubmitted report of attack by peers in the meeting hosted by leaders BH and SL.

09/25/2014 – Continued intimidation and support of KB by BH: Threats to remove headphones options to enable threats and derogatory comments to be heard.

Regardless of repeated request to be removed from this hostile work environment, I now request a restraining order from the named Defendants of Civil Complaint 3:14cv183: Kendra Brown and Susan Lybrand, as well as their immediate leader Brenda Hauk and my fellow co-worker Yashiba Douglas.

*KB + YD + SL congregate 4 + greeting in a congregate re-enter from June 2 (2014).*


## Affirmative Action, EEO, & Diversity

At Wells Fargo, we strive to provide advancement opportunities for everyone. Although there are differences between our Affirmative Action, Equal Employment Opportunity, and Diversity programs, each builds upon the other to make sure that all team members are treated with equality and respect and given the opportunity to make a contribution to our company's success.

As a Wells Fargo team member, you're expected to comply with the spirit and intent of these policies. To better understand the roles of Affirmative Action, Equal Employment Opportunity, and Diversity, it's helpful to define them.

To help Wells Fargo build and maintain an inclusive environment, we encourage each team member to update their personal information on *Teamworks* to reflect their own diversity including gender, race, disability, status as a veteran, sexual orientation, or gender identity.

**Team Member Handbook**

Ⓢ Employment & Hiring

### Affirmative Action, Equal Employment Opportunity, and Diversity programs

| | Affirmative Action | Equal Employment Opportunity | Diversity |
|---|---|---|---|
| **Objectives** | Hire, retain, and promote minorities, women, protected veterans, and individuals with disabilities for the company's workforce to reflect their representation within the relevant labor pool. | Ensure that all people are given equal opportunity, with respect to employment. Strictly adhere to equal opportunity laws. | Create a diverse, high-quality workforce that mirrors the demographics of the communities served. Promote a working environment where differences are valued and encouraged. Encourage full utilization of the workforce. Create an inclusive environment. Foster lasting environmental change. |
| **Benefits** | Ensures compliance with federal regulations. Measures hiring, promotion, and other employment-related activities to assist in supporting our Equal Employment Opportunity and Diversity objectives. | Encourages equal employment for job opportunities. Encourages consistent administration of personnel policies. | Promotes utilization of entire general labor pool for recruitment, retention, and promotion of the most qualified individuals. Provides a competitive advantage by enhancing ability to market products and services to an increasingly diverse customer base. Creates positive impact on productivity, teamwork, team member involvement, and retention. |

### Affirmative Action

Companies that do business with the federal government must comply with Affirmative Action laws. Wells Fargo is a federal government contractor because we are a depository of federal funds and FDIC insured. Affirmative Action plans set goals and timetables for hiring and promoting women and minorities. These goals are set based on the difference between:

The availability of people with the necessary skills who fall into these groups within the general populations of the geographic areas where we do business and

The actual representation of people in these groups within our company.

In addition, individuals with disabilities and protected veterans are given special attention for hiring and promotion.

### Goals vs. quotas

You may have heard the term "quotas" used with Affirmative Action, so it's important that you understand the difference between quotas and Wells Fargo's Affirmative Action goals.

Quotas are court-imposed mandates designed to correct patterns of discrimination against a particular set of individuals (for example, women or specific minority groups) that have been documented by evidence. Wells Fargo's Affirmative Action planning is not based on quotas.

Affirmative Action goals are targets that Wells Fargo establishes and tries to reach through good-faith efforts of recruitment, placement, retention, and promotion.

At Wells Fargo, we consider our Affirmative Action plan a resource to help us identify and develop diverse talent and increase diverse and inclusive representation at all levels of the company.

### More information

Check with your manager for more information on Affirmative Action. A corporate resource on this topic is Wells Fargo's Affirmative Action Program booklet, *Developing and Maintaining a Diverse Workforce* (HR5), available as form HRS38139 on Forms Online on *Teamworks*.

## Equal Employment Opportunity

Equal Employment Opportunity refers to government regulations requiring that all people, regardless of race, color, gender, national origin, religion, age, sexual orientation, gender identity, genetic information, physical or mental disability, pregnancy, marital status, status as a protected veteran, or any other status protected by federal, state, or local law," have equal opportunities for hire, promotion, and with regard to all terms and conditions of employment.

Our equal employment opportunity policy specifies that Wells Fargo team members and job applicants will not be subject to discrimination, harassment, or retaliation for:

Filing a complaint.

Assisting or participating in an investigation.

Opposing any unlawful act or discriminatory practice.

Exercising any of their rights protected under federal or state laws and regulations.

For related information, see *Working with an Illness or Disability* and *Dispute Resolution*.

*Laws in certain locations (for example, New York City) indicate additional protected classes, all of which are included in this policy by reference.

## Diversity

Diversity is all the ways in which we are different and similar. Business diversity encompasses the differences and similarities in our workforce structure and marketplace. Managing diversity well means creating the organizational and personal "know-how" to:

Tap the full potential of the workforce.

Operate successfully within our varied structures and geographies.

Serve our marketplace with products and services that meet the needs of our diverse customer base.

Case 3:16-cv-00653-RJC   Document 1-1   Filed 09/07/16   Page 5 of 37



EXHIBIT 2 Policies

## Workplace Conduct

Your actions must always reflect the highest possible standards of business conduct and ethics. You're expected to use good judgment, integrity, and common sense in making work-related decisions and to be accountable for your actions. This includes avoiding conduct that is likely to damage Wells Fargo's business or reputation.



The way you handle interactions, in person, in writing, or electronically with your fellow team members is important to the success of your work environment. You're expected to treat your fellow team members with courtesy, respect, and professionalism (see Electronic Communications and Social Media). You're also expected to treat your supervisor and other managers with respect, which includes avoiding insubordinate behavior (see "Insubordination" in the Glossary).

Unprofessional and inappropriate team member behavior includes but is not limited to:

Outbursts

Yelling

Rudeness

Bullying

Distracting behavior during work time (such as being on your electronic or mobile device)

Conduct that interferes with your or another team member's ability to perform job duties or provide effective customer service (see Violence-Free Workplace)

It may also include conduct that is welcome between team members but is inappropriate in the workplace or at work-related events. Exhibiting unprofessional and inappropriate workplace behavior violates Wells Fargo's policies.

### Providing Information

To uphold our standards of workplace conduct, sometimes it may be necessary for Wells Fargo to initiate an investigation or a fact-finding process. In these cases, it's very important that we learn all the relevant information from those who are aware of the situation. If you're asked to be part of such a process, you're expected to cooperate fully and honestly and to respect the confidentiality of the process. Additionally, in certain situations, you may be placed on administrative leave so that the company has time to thoroughly review the circumstances that are under investigation. If this happens, you will be given information about the terms and conditions of your leave at that time. If you have questions about the request to participate in a fact-finding process, contact your HR Advisor team.

### Consequences

You're expected to conduct yourself in a professional manner and to use good judgment in all aspects of your conduct as a Wells Fargo team member.

*Important: Failure to observe all aspects of the policies outlined here, including failure to participate fully and honestly in any investigative or fact-finding process initiated by Wells Fargo, is grounds for corrective action, which may include termination of your employment.*

Published January 17, 2014

### Printing the handbook

Team members can view and print the entire handbook by downloading the *Wells Fargo Team Member Handbook* (PDF).

### Glossary

A - E

F - J

K - O

P - S

T - Z

 
## Dispute Resolution

At Wells Fargo, we feel that it's essential to provide team members with a prompt, thorough review of any work-related problem. So we've developed a process through which each team member has an opportunity to use internal problem-solving resources.

Although we can't guarantee that every team member will always be satisfied with the outcome, we can make sure that all team members have dispute resolution methods available when they're needed. In addition, we prohibit retaliation against any team member for using the dispute resolution process (see Nonretaliation Policy page in the Team Member Professionalism section).

### Overview of the dispute resolution process

If you have a work-related dispute, you should first try to resolve it directly with your manager — he or she is usually closest to the situation and in the best position to review it.

If you need alternatives or to escalate your dispute further, you can follow the process described on the Dispute Resolution Resources page. It's strongly recommended that you use these resources in the order they're shown -- it's logical that those closest to your situation will be able to understand it best, so you'll want to go to those resources first.

This process is not intended to prevent you from discussing terms and conditions of employment at Wells Fargo. The process stops at any point you decide to discontinue it or when you've exhausted all the resources described on the Dispute Resolution Resources page.

It's important to begin the process promptly when the issue arises (normally within 30 days), because delay can affect Wells Fargo's ability to respond to your concerns.



# Nonretaliation Policy

- No team member may be retaliated against for providing information in good faith about suspected unethical or illegal activities including fraud, securities law or regulatory violations or possible violations of any Wells Fargo policies, including the Code of Ethics and Business Conduct and the Information Security Policy.
- No team member may be retaliated against because that team member has in some manner opposed an employment practice that the team member, in good faith, believes violates federal or state laws, rules, or regulations.
- No team member may be retaliated against because he or she filed a charge, truthfully testified, provided assistance, or participated, in good faith, in an investigation, proceeding, or hearing related to or arising from an allegedly unlawful employment practice.
- No team member may be retaliated against for asserting rights established by a federal or state law.

For purposes of this policy, "retaliation" means subjecting a team member to any harmful conduct, whether or not it occurs at the workplace, including but not limited to any conduct that has a material adverse affect on a team member's compensation, working conditions, or work environment in response to one of the actions noted above.

If you believe that you or someone else has been retaliated against, you must report it as soon as possible to one of the following:

- Your supervisor or manager
- Your HR Advisor team
- Corporate Employee Relations at 1-888-284-9147

Wells Fargo will take measures to protect team members from retaliation.

*Important: Engaging in retaliatory behavior in violation of this policy is grounds for corrective action, which may include termination of your employment.*

Case 3:16-cv-00653-RJC   Document 1-1   Filed 09/07/16   Page 8 of 37



**Exhibit 3**

*Letter of Termination*

10/29/2014

Felicia Underdue
3944 Town Center Road
Harrisburg, NC 28075-7464

Dear Felicia:

We have reviewed your conduct regarding your workplace behavior.

We have determined that you have violated the following policy or policies: Workplace Conduct Policy.

Over the course of last year or more, you have made repeated accusations of bullying and harassment against your management team and fellow team members. Not only have these accusations been found to be baseless, exaggerated and blown out of both context and proportion, the allegations lack a reasonable good faith basis that your supervisors or coworkers are treating you unfairly or acting with some ill motive. For example, you have accused your management and fellow team members of conspiring to falsify Team Member Connection Survey scores without any factual basis.

Your constant complaints have significantly degraded the work environment for both your supervisors and your peers. As a result of your negative impact on the morale and functioning of this work team, and the fact that your meritless allegations continue to needlessly consume unending amounts of management and HR time and attention, we have decided to terminate your employment.

Based on the violation(s) listed above, we have terminated your employment with Wells Fargo effective October 29th, 2014.

If you have questions about your termination or wish to have the termination decision reviewed, contact Employee Relations at **1-888-284-9147** to be connected with an HR professional who supports your line of business. If you have any questions about your final pay or benefits, contact the HR Service Center at **1-877-479-3557**.

For verification of your employment for future employment opportunities, instruct prospective employers to go to www.theworknumber.com to verify basic employment information — your employment status, dates of employment, and job title. The Wells Fargo company code for such inquiries is **14566**. If your prospective employer requests to verify salary information, you must first log on to www.theworknumber.com and obtain a Salary Key to provide the verifier. Alternatively, you or your verifier may call The Work Number at 1- 800-996-7566 for assistance. Using a Salary Key helps ensure that your salary information is released only at your request.

We wish you the best in your future endeavors.

Sincerely,

Jeremy Whicker
Customer Service Manager 3
cc: Official Personnel File, S 4101-166 [*1056318*.]

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Elaine McClellon<br>LAW DEPARTMENT<br>WELLS FARGO/WACHOVIA<br>301 South College St, 31st Floor<br>MAC D1053-300<br>Charlotte, NC 28202 | **Felicia A. Underdue** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**430-2015-00219** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **01-DEC-14** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **20-NOV-14**
   to    **Jimmy W. Jones, ADR Coordinator, at  (704) 954-6439**
   If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Ava J. Morrow,**<br>**Enforcement Supervisor** | **Charlotte District Office**<br>**129 W. Trade Street** |
|---|---|
| *EEOC Representative* | **Suite 400** |
| *Telephone*  **(704) 954-6535** | **Charlotte, NC 28202**<br>**Fax: (704) 954-6410** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

### See enclosed copy of charge of discrimination.

| Date<br>NOV 0 3 2014 | Name / Title of Authorized Official<br><br>**Reuben Daniels, Jr.,**<br>**Director** | Signature<br>*Reuben Daniels* |
|---|---|---|



# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge,* for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.



RECEIVED
US EEOC
CHAR DIST OFC
2014 OCT 30 AM 11:24



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: Underdue First Name: Felicia MI: A

Street or Mailing Address: 3944 Town Center Rd Apt or Unit #: ______

City: Harrisburg County: Cabarrus State: NC Zip: 28075

Phone Numbers: Home: (704) 488-8189 Work: ( ) ______

Cell: ( ) ______ Email Address: msfunderdue@yahoo.com

Date of Birth: 11/17/65 Sex: ☐ Male ☒ Female Do You Have a Disability? ☒ Yes ☐ No

Please answer each of the next three questions. i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White ☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? Unknown - American Indian

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Annie Underdue Relationship: Mother

Address: 506 Gelinder Ct City: Camden State: NJ Zip Code: 08102

Home Phone: (856) 332-3232 Other Phone: ( ) ______

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) ______

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: Wells Fargo Bank

Address: 1525 W. WT Harris Blvd County: USA

City: Charlotte State: NC Zip: 28262 Phone: (877) 479-3557

Type of Business: Bank Job Location if different from Org. Address: ______

Human Resources Director or Owner Name: HR Advisor assigned per case Phone: ( ) ______

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15 ☐ 15 - 100 ☐ 101 - 200 ☐ 201 - 500 ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☒ No

Date Hired: November 2000 Job Title At Hire: Email Customer Service Rep

Pay Rate When Hired: No longer know Last or Current Pay Rate: approx 16.75 per hr

Job Title at Time of Alleged Discrimination: Email Executive Communications Date Quit/Discharged: 10/29/14

Name and Title of Immediate Supervisor: Kendra Brown

If Job Applicant, Date You Applied for Job ______ Job Title Applied For ______




4. What is the reason (basis) for your claim of employment discrimination?

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☒ Sex ☒ Age ☒ Disability ☐ National Origin ☒ Religion ☒ Retaliation ☐ Pregnancy ☒ Color (typically a difference in skin shade within the same race) ☒ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _Catholic, light-brown_

If you checked genetic information, how did the employer obtain the genetic information? _Visible -Obesity_

Other reason (basis) for discrimination (Explain): _open_

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed. (Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)

A. Date: _10/29/14_   Action: _Terminated for reporting bullying and harassing behavior by leaders and peers_

Name and Title of Person(s) Responsible: _Susan Eybrand, Brenda Hawk, Kendra Brown_ _Yoshita Douglas_

B. Date: _____   Action: _See attached_ _See Exhibit 1_

Name and Title of Person(s) Responsible _____

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.

_See attached._ _See Exhibit 1_

7. What reason(s) were given to you for the acts you consider discriminatory? By whom, title? Job Title?

_See attached_ _See Exhibit 1_

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | _open - do not recall any_ | | |
| | _See attached email dated_ | | |
| B. | _10/25/14 - None to my knowledge were_ | | |
| | _subjected to the same accusations_ | | |
| | _described in attachment related to 10/14/14_ | | |

Case 3:16-cv-00653-RJC   Document 1-1   Filed 09/07/16   Page 13 of 37

 

Of the persons in the same or similar situation as you, who was treated **worse** than you?

<u>Full Name</u>  <u>Race, Sex, Age, National Origin, Religion or Disability</u>  <u>Job Title</u>  <u>Description of Treatment</u>

A. _None_

B. _____

Of the persons in the same or similar situation as you, who was treated the **same** as you?

<u>Full Name</u>  <u>Race, Sex, Age, National Origin, Religion or Disability</u>  <u>Job Title</u>  <u>Description of Treatment</u>

A. _None_

B. _____

Answer questions 9-12 **only** if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
- ☑ Yes, I have a disability
- ☐ I do not have a disability now but I did have one
- ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
_Obesity, asthma, major depression, anxiety_
_Paranoia and catatonia that prevents any_
_desire to perform self care (limited hygiene)_

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☑ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?
_I was in weekly therapy through 10/29/14_
_Therapist will see me one more time on 11/04/14_

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☑ Yes ☐ No
If "Yes," when did you ask? _5/12/14_ How did you ask (verbally or in writing)? _in writing, email_
5/9/14 8/29/14 requested removal from hostile environment

Who did you ask? (Provide full name and job title of person) _John Stumpf, CEO_
_Carrie Tolstedt, James Smith, Kari Mullican_
hostility ceased following filings

Describe the changes or assistance that you asked for: _requested to_
_to be removed from department_ See attached
2nd severance will
3:14 CV 00182

How did your employer respond to your request? _assigned Employer Relations_
_to review complaints, was removed 4/29/14_
_Continued attacks._

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|
| A. Tyler Funderburke | | 708 Watermelon Way, Monroe, NC | He can verify leader Susan |
| B. | | | Lybrand knew my peers intended to verbally attack me. |

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☒ Yes ☐ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: here,
this is the fourth time, USWD court 3:14 cv 183

16. Have you sought help about this situation from a union, an attorney, or any other source? ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any? Filed
pro se with USWD court 3:14 cv 00183; filed request for forma pauperis to appear before US court of

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Felicia A Underdue_
Signature

_10/30/14_
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

Note: Attempts at mediation have failed twice.

4

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Felicia A. Underdue
3944 Town Center Road
Harrisburg, NC 28075

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-00219 | Debbie M. Smith, Investigator | (704) 954-6449 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Reuben Daniels, Jr.,
Director

JUN 30 2016

(Date Mailed)

Enclosures(s)

cc: Lisa Polk-Crawford
Legal EEO Consultant
WELLS FARGO
301 South College St, 31st Floor
MAC D1053-300
Charlotte, NC 28202



### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC
Page 9

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

28075874464 R012

Felicia Underdue
3944 Town Center Road
Harrisburg, NC 28075

Received
July 7, 2016

Wells Fargo Employee Self Service

*Job Log* *Exhibit S* *Page 1*

## Applications

| Job ID | State | Status | Date Created | Date Submitted | |
|---|---|---|---|---|---|
| 3688712 | North Carolina | Declined | 12/10/2012 12:24PM | 12/10/2012 12:24PM | |
| 2891525 | Arizona | Declined | 12/15/2012 3:19PM | 12/15/2012 3:19PM | |
| 3739866 | California | Declined | 04/28/2013 5:28AM | 04/28/2013 5:28AM | |
| 3740309 | Arizona | Declined | 04/26/2013 5:37AM | 04/26/2013 5:37AM | |
| 3744336 | North Carolina | Declined | 04/26/2013 5:37AM | 04/26/2013 5:37AM | |
| 3757270 | North Carolina | Declined | 05/07/2013 3:08PM | 05/07/2013 3:08PM | |
| 3751012 | North Carolina | Declined | 05/28/2013 7:10AM | 05/28/2013 7:10AM | |
| 3761012 | North Carolina | Declined | 06/21/2013 10:15AM | 06/21/2013 10:15AM | |
| 3765540 | North Carolina | Declined | 07/05/2013 3:04PM | 07/05/2013 3:04PM | |
| 3772059 | North Carolina | Declined | 07/23/2014 9:44AM | 07/23/2013 9:44AM | |
| 3792495 | Nevada | Declined | 08/21/2013 6:33AM | 08/21/2013 6:33AM | |
| 3762683 | North Carolina | Withdrawn | 08/21/2013 12:53PM | 08/21/2013 12:53PM | |
| 3785912 | Arizona | Declined | 09/05/2013 1:46PM | 09/05/2013 1:46PM | |
| 3819041 | California | Declined | 11/13/2013 9:22AM | 11/13/2013 9:22AM | |
| 3850349 | Arizona | Declined | 04/10/2014 3:52PM | 04/10/2014 3:56PM | |
| 3856757 | Arizona | Declined | 04/10/2014 3:58PM | 04/10/2014 3:58PM | |
| 5002362 | North Carolina | Submitted | 06/29/2014 3:24PM | 06/20/2014 3:23PM | |

https://eeamworks.wellsfargo.com/iso/PSSSEHD_NW/HRMS/c/HRS_HRAM_FMD.HRS_CE_SRL

# Job Log
## Wells Fargo Employee Self Service

| | | | | |
|---|---|---|---|---|
| 5208213 | Pennsylvania | Declined | 06/20/2014 4:40PM | 06/20/2014 4:40PM |
| 5048624 | North Carolina | Declined | 07/03/2014 5:41AM | 07/03/2014 5:41AM |
| 5019629 | North Carolina | Declined | 07/26/2014 9:15AM | 07/26/2014 9:18AM |
| 5023492 | Iowa | Declined | 08/02/2014 2:34PM | 08/02/2014 2:37PM |
| 5026554 | North Carolina | Declined | 08/22/2014 11:23AM | 08/22/2014 11:23AM |
| 5034657 | North Carolina | Declined | 09/05/2014 11:36AM | 09/05/2014 11:36AM |
| 5043660 | Missouri | Submitted | 10/01/2014 7:28AM | 10/01/2014 7:28AM |

Exhibit 5 Page 2

*Exhibit 6; Privacy Violation  page 1*
*( PV )*

**From:** Underdue, FELICIA A
**Sent:** Thursday, May 01, 2014 7:44 AM
**To:** Brown, Kendra
**Subject:** Cell phone number provided to Keith Weddington

Hello,

May I ask who provided my cell phone number to Keith Weddington?

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection  I  1525 W. WT Harris Blvd, 3rd Floor  I  Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 Ext. 1335225903

felicia.underdue@exchange.local

*PV page 2*

Tel 1-877-929-5210 ☏ Ext. 1335225903

felicia.underdue@exchange.local

**From:** Brown, Kendra
**Sent:** Thursday, May 01, 2014 8:33 AM
**To:** Underdue, FELICIA A
**Subject:** RE: Cell phone number provided to Keith Weddington

If you have any questions or concerns feel free to contact Harley Jones who is with our Law Department at 704-383-6724 ☏.

**From:** Underdue, FELICIA A
**Sent:** Thursday, May 01, 2014 8:21 AM
**To:** Brown, Kendra
**Subject:** RE: Cell phone number provided to Keith Weddington

Hello,

I appreciate your response. May I ask who in the Law Department requested it? I have a work number and my cell phone number was not to be provided to anyone for any reason other than an actual emergency related to me or my family.

Providing my cell phone number to anyone other than someone looking for me in an emergency was an invasion of my privacy.

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection l 1525 W. WT Harris Blvd, 3rd Floor l Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 ☏ Ext. 1335225903

felicia.underdue@exchange.local

**From:** Brown, Kendra
**Sent:** Thursday, May 01, 2014 8:15 AM
**To:** Underdue, FELICIA A
**Subject:** RE: Cell phone number provided to Keith Weddington

Good Morning,

The Wells Fargo Law Department requested that I provide it, and then the Law Department provided it to Mr. Weddington.

Thanks!

*PV page 3*

**From:** Jones, Harley H. (Legal)
**Sent:** Thursday, May 01, 2014 11:31 AM
**To:** Underdue, FELICIA A
**Subject:** RE: Cell phone number provided to Keith Weddington

Dear Ms. Underdue:

Now that you have started a lawsuit in federal court and are representing yourself, the attorney for Wells Fargo (whose name is Keith Weddington) needs to be able to contact you by phone. Because you did not provide a phone number in your court documents, I asked your management team to provide me a phone number by which we could contact you regarding your lawsuit. We do not consider this to be an invasion of your privacy. We look forward to having open lines of communication regarding your lawsuit.

You should direct all future communications regarding your lawsuit to Mr. Weddington at 704-335-9035☎. If you wish to talk further regarding the phone number issue, please contact me at my office number below.

Best regards,

Harley H. Jones
Counsel, Employment Law Section
Wells Fargo Law Department
One Wells Fargo Center (MAC D1053-300)
301 S. College Street
Charlotte, NC 28202
704-383-6724☎    (office)

*This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not copy, disclose or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply email and delete the message. Thank you for your cooperation.*

---

**From:** Underdue, FELICIA A
**Sent:** Thursday, May 01, 2014 9:01 AM
**To:** Jones, Harley H. (Legal)
**Subject:** FW: Cell phone number provided to Keith Weddington

## Good Morning,

My cell phone number was recently provided to Keith Wedding of Parker Poe. I did not authorize this. Are you the person I would direct my concerns to regarding this invasion of my privacy?

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection  |  1525 W. WT Harris Blvd, 3rd Floor  |  Charlotte, NC 28262
MAC: D1110-033

https://webmail.wellsfargo.com/owa/?ae=Item&t=IPM.Note&id=RgAAAADznlYfs5grR7...     5/1/2014

*PV page 4*

## RE: Cell phone number provided to Keith Weddington

Underdue, FELICIA A

**Sent:** Thursday, May 01, 2014 12:17 PM
**To:** Jones, Harley H. (Legal)

Hello,

Thank you for getting back to me.

When I filed my complaint, I was not required by the court house to provide a telephone number. If so, I would have provided my work phone number 1-877-929-5210 extension 1335225941, since this is a work-related issue.

Please understand that unless I am required to speak with the attorney for Wells Fargo, I do not wish to do so.

If I must be contacted, then please only provide my work number; 1-877-929-5210 extension 1335225941.

I would appreciate if I were allowed the right to be free from intrusion upon my seclusion from work once I depart from work each day, especially if it involves speaking without it being legally recorded as a matter of record for the court.

It was my understanding that during this initial process that I was not require to provide a contact phone number. Please help me understand why my cell phone number was provided to anyone without my prior authorization. This is and was an invasion of my privacy.

May I ask that I be provided with a Wells Fargo cell phone if there is any desire for me to be contacted after work hours regarding to this work-related issue? However, allow me to say that my preference is for US mail.

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection I 1525 W. WT Harris Blvd, 3rd Floor I Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210    Ext. 1335225903

felicia.underdue@exchange.local

*Exhibit 7*

*Fair Labor Standards Act Resolution*

**harley.jones@wellsfargo.com**                    06/22/15 at 8:34 AM

To  msfunderdue@yahoo.com

Ms. Underdue:

The Agreement I sent you via overnight mail is what Wells Fargo requires in order to settle any claims you may have under the Fair Labor Standards Act.  If you are willing to sign it and return it, then Wells Fargo will pay you the $1,649.04 claimed. If you are not willing to sign it, no payment will be made.

From Wells Fargo's point of view, we are not treating you any differently than we would treat any other current or former team member in dealing with  claims filed with the Department of Labor.

Regards,

Harley Jones
Senior Counsel
Wells Fargo Law Department
One Wells Fargo Center (MAC D1053-300)
301 S. College Street
Charlotte, NC 28202
704-383-6724 (office)

*This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not copy, disclose or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply email and delete the message. Thank you for your cooperation.*

From: Underdue, FELICIA A
Sent: Thursday, October 23, 2014 11:40 AM
To: Stumpf, John; Tolstedt, Carrie L.; Smith, James P. (WFVC); Mullican, Kari; Whicker, Jeremy
Subject: Falsification of business records by Susan Lybrand.


Hello,


I would like to request feedback on this issue since I believe the actions of Susan Lybrand are considered a felony. Is this behavior approved of?


Sincerely,


Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection I 1525 W. WT Harris Blvd, 3rd Floor I Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 Ext. 1335225941

felicia.underdue@exchange.local
_____
From: Underdue, FELICIA A
Sent: Thursday, October 23, 2014 8:47 AM
To: F. Underdue (msfunderdue@yahoo.com)
Subject: FW: Please assist me in being moved from my department.

From: Underdue, FELICIA A
Sent: Friday, August 29, 2014 10:33 AM
To: Stumpf, John; Tolstedt, Carrie L.; Smith, James P. (WFVC); Mullican, Kari; Whicker, Jeremy
Subject: Please assist me in being moved from my department.


Good Morning My Esteemed Members of Leadership,


My name is Felicia Ann Underdue. I filed a civil discrimination complaint with the Federal District Courthouse here in Charlotte, NC; 3:14cv183.


This complaint is moving on to the Court of Appeals of the 4th District. I wanted to respectfully request that I be moved to another vacant position that removes me from the current hostile work environment I have reported.


The purpose of this message is not to disrepect anyone and/or to supercede any person in my chain of command.

*Exhibit 8;*
*Leader Notification*     *Page 2*

Following the last reported incidence within my department where my peers were used as nails by my leaders to crucify me for comments I had made in a previous meeting, I have become a Stepford Wife by day and a catatonic paralyzed person in the evenings during my quiet time at home.

I submit this request to all of you to ensure that I have satisfied the question of whether I sought every possible resolution for the complaints I have will be filing with the Court of Appeals.

I respectfully request that I be moved from my current department to a similar position or something that matches my skill sets.

Counsels for Wells Fargo have been Keith Weddington and Shalanna Pirtle of Parker & Poe.

"Keith Weddington

Three Wells Fargo Center | 401 South Tryon Street | Suite 3000 | Charlotte, NC 28202
Phone: 704.335.9035 | Fax: 704.335.9697 | www.parkerpoe.com<http://www.parkerpoe.com/> | vcard | map"

I beg that one of you understand that I am a dedicated employee and the offer to terminate my employment was unfairly suggested by Counsel for Wells Fargo.

My request to be removed from this department have been ignored. So I now turn to you all for relief.

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection | 1525 W. WT Harris Blvd, 3rd Floor | Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 Ext. 1335225941

*Exhibit 9; First Attempt to Intimidate by Outside Counsel Settlement Offer*

## Parker Poe

**Keith M. Weddington**
*Partner*
Telephone: 704.335.9035
Direct Fax: 704.335.9697
keithweddington@parkerpoe.com

Charleston, SC
Charlotte, NC
Columbia, SC
Raleigh, NC
Spartanburg, SC

July 3, 2014

**VIA FIRST CLASS MAIL**

Felicia Ann Underdue
3944 Town Center Road
Harrisburg, NC 28075

    **Re:  Felicia Ann Underdue v. Wells Fargo, et al.**
         **Case No.: 3:14 CV 183**

Dear Ms. Underdue:

    As you are aware, my clients have filed a motion to dismiss your lawsuit. That motion is currently pending with the court and we have every reason to believe that the court will grant that motion and will dismiss your lawsuit with prejudice. I have read all of your various filings that you have made with the court. I do not believe that the allegations in your complaint are sufficient to state a valid claim for relief under applicable law and your filings in response to the defendants' motion to dismiss, while obviously heartfelt, do nothing to advance the substantive legal merits of your claims.

    Despite the shortcomings of your lawsuit from a legal perspective, your various filings make it quite clear that you do not like and are unhappy with both your job and each of the individuals that you have named as defendants (and perhaps other managers and coworkers). Those feelings and unhappiness are certainly not conducive to a positive and productive work environment. It strikes me that the best course of action is to offer you a severance package that provides you with some compensation while you transition to your next opportunity. Such a severance package would, of course, be conditioned upon your resignation from employment, your dismissal of your lawsuit with prejudice and your release of all claims against the defendants. To this end, Wells Fargo has authorized me to make the following settlement offer:

1.    Wells Fargo will make a lump sum payment in the gross amount of $3,945.60, which is equal to six weeks of pay at your current rate of pay.

2.    You will resign from employment with Wells Fargo.

3.    Wells Fargo will provide you with a neutral employment reference via its third party reference service which prospective employers can contact by phone.

4.    You will execute and file a stipulation of dismissal with prejudice of your lawsuit.

5.    You will execute a full release of all claims against all defendants.

6.    You will keep the terms of this settlement agreement confidential and you will refrain from making any disparaging remarks about the defendants.

Parker Poe Adams & Bernstein LLP   Attorneys and Counselors at Law   Three Wells Fargo Center   401 South Tryon Street   Suite 3000   Charlotte, NC 28202
t 704.372.9000   f 704.334.4706   www.parkerpoe.com

PPAB 2488188v2

Case 3:16-cv-00653-RJC   Document 1-1   Filed 09/07/16   Page 28 of 37

Exhibit 9

page 2

Felicia Ann Underdue
July 3, 2014
Page 2

Should you be agreeable to this sort of resolution, we will need to memorialize the terms in a final settlement agreement signed by all parties to the lawsuit.

I hope you will give serious consideration to this proposal, as I believe it provides a path to peace for all parties. On the slim chance that your complaint survives the motion to dismiss, your next several months will be consumed with extensive discovery to test the allegations of your complaint and to gather evidence. The Federal Rules of Civil Procedure will allow defendants wide latitude to dig into the details of your physical and mental health history, to subject you to a mental examination by a mental health professional, and to explore the details of your work history and your personal life. If you feel that the mere fact that I left a voicemail on your cell phone was some sort of invasion of your privacy, you are not likely to find the next phase of litigation very appealing.

Time is of the essence, as I cannot guarantee that my clients will be willing to leave this offer on the table for very long. Please contact me at your earliest opportunity to discuss this offer. I'll look forward to speaking with you.

Kindest regards.

Sincerely yours,

Keith M. Weddington

KMW:jkp

PPAB 2488188v2

*Exhibit 10*          *Performance Criteria*          *Page 1*

# Performance Management

Performance management is a key aspect of our overall culture here at Wells Fargo — it's a tool that provides each of our team members with the opportunity for personal responsibility, accountability, reward, and recognition. Performance management can help us outperform the competition, develop a stronger management culture, and help team members reach their potential.

Managers, at the beginning of the process, communicate to team members what is expected, why it is important, and how they can be successful. Throughout the year, managers provide ongoing feedback on progress toward goals and, at the end of the year, complete the annual performance review.

## Performance reviews

The main purpose of the performance review is to provide you with feedback about how you're doing and to suggest ways to improve your performance. This is accomplished through communication between you and your manager about:

- Job requirements and standards
- Working relationships
- Future expectations
- Any work-related problems or issues

Your performance review is also used for making salary decisions (see Merit Reviews) and other decisions about future job opportunities.

## Your comments

You should have a chance to read the documentation of your performance review before it is included in your Official Personnel File. You are also free to write your own comments, explanations, or disagreements to be included in your Official Personnel File.

## Performance rating scale

The following rating scale is most commonly used for performance reviews:

*Performance is rated based on how well you met your "key objectives," which are those most critical to the performance of your job.*

| Rating | Description |
|--------|-------------|
| 5 | Significantly above all key objectives |
| 4 | Consistently above all key objectives |
| 3 | Met all and may have exceeded some key objectives |
| 2 | Met some but not all key objectives |
| 1 | Significantly below all key objectives |

## Timing of performance reviews

Your performance is generally reviewed on a regular basis as determined by your business group. However, performance reviews may be completed more frequently when performance levels change — for example:

- For a team member who is new on the job.
- When the previous rating was a 1 (significantly below all key objectives) or 2 (met some but not all key objectives).
- If you transfer to another position.
- At the conclusion of a major project or assignment.

If you haven't had a formal performance review within the last 12 months, let your manager or your HR Advisor team know.

*Exhibit 10*      *Performance Criteria page 2*

**Completed performance reviews**

Completed performance reviews are maintained in the team member's Official Personnel File. For information on retrieving historical performance reviews, see the <u>Official Personnel File</u> section of *Teamworks*.

This is what my Employment Record shows for 2012.

## Review End Rating & Comments

| | Rating Range | |
|---|---|---|
| Level 5 | 4.45 – 5.00 | Significantly Above All Key Targets |
| Level 4 | 3.75 – 4.44 | Exceeds All Key Targets |
| Level 3 | 2.75 – 3.74 | Met/Met On Most Consistently Key Targets |
| Level 2 | 1.75 – 2.74 | Below Met On Most Key Targets |
| Level 1 | Below 1.75 | Significantly Below Key Targets |

Review End Rating:    *Met All and May have Exceeded Some Key Targets*

| | | | |
|---|---|---|---|
| Quality Assurance | QA | 15.00% | 4.58 |
| Customer Experience | Customer Experience – FDR | 35.00% | 3.00 |
| Emails per Open Hour | EPH | 35.00% | 3.06 |
| First Contact Resolution | FCR | 10.00% | 5.00 |
| Professional Attributes | Professional Attributes | 5.00% | 2.69 |
| Overall Rating | | 100.00% | 3.45 |

**Reviewer Review End Comments:**

**Team Member Comments:**

Below is what I access on as an employee within a system called REX. This was the only record I had until HR sent me a copy of my Official Personnel File (which is the screenshot above). The entry above is the same as the one I was provided in 2012. Below is where Susan Lybrand went back into the system while I was on FMLA and downgraded my performance for 2012.



These are the entries that show when the original that is in my Employment Record was submitted probably on 01/17/2013.

It then shows where Susan Lybrand went back in on 02/15/2013 and altered my scores.



*Page 1*

From: Suarez, Walter
Sent: Tuesday, October 14, 2014 10:26 AM          *Exhibit 12    Corporate Security*
To: Underdue, FELICIA A
Subject: incident

MS Underdue please give  me a call as soon as possible.
Thank You Walt Suarez
704-770-4242

Walter Suarez
Security Agent II
Corporate Investigations, Physical Security

Wells Fargo Corporate Security | 12301 Vance Davis Drive| Charlotte NC 28269
MAC D1118-014
Tel 704-770-4242| Cell 704-534-6166|

walter.suarez@wellsfargo.com

*Page 2*

*Exhibit 12 Corporate Security*

From: Underdue, FELICIA A
Sent: Tuesday, October 14, 2014 1:12 PM
To: Suarez, Walter
Subject: FW: incident

Hello,

I also provided this document to HR so that they could see a pattern of continuous "pot-shots" (incidences that have occurred).

I work in email correspondence which means 97% of my day does not require being engaged. In fact being engaged when there is work volume to complete is discouraged. The other 3% may require calls to customers or other areas of service.

Since 07/24/2014, I have made it very clear that this is my work style preference. I just want to come to work and do my job until I can move on.

Thank you again,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection I 1525 W. WT Harris Blvd, 3rd Floor I Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 Ext. 1335225941

felicia.underdue@exchange.local

*Exhibit 13; Notification to Corporate Security*

On Fri, Oct 17, 2014 at 10:19 AM, Felicia.Underdue@wellsfargo.com
<Felicia.Underdue@wellsfargo.com> wrote:

From: Underdue, FELICIA A
Sent: Friday, October 17, 2014 10:18 AM
To: Suarez, Walter
Subject: Restraining Order filed in Mecklenburg County Domestic Violence court.

Hello,

I am not sure if you have been advised that I have been petitioning the courts for a restraining order against the following employees due to their efforts to bully me and intimidate me:

Kendra Brown (named defendant in my complaint)

Susan Lybrand (named defendant in my complaint)

Brenda Hauk

Yashiba Douglas

The above should have received supeonas to appear in court on 10/20/2014.

As the primary witness in my own Pro Se federal court case, I am trying to have them charged with Federal Witness Tampering and Intimidation.

Sincerely,

Felicia A. Underdue

Email CSR
Executive Services & Communications – Email

Wells Fargo Customer Connection  |  1525 W. WT Harris Blvd, 3rd Floor  |  Charlotte, NC 28262
MAC: D1110-033
Tel 1-877-929-5210 Ext. 1335225941

felicia.underdue@exchange.local