FILED
CHARLOTTE, NC
JUL 27 2017
US District Court
Western District of NC

Hand-Delivered

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FELICIA ANN UNDERDUE<br>3944 Town Center Rd<br>Harrisburg, NC 28075<br>Telephone: 704-488-8189<br>Felicia.Underdue@yahoo.com<br>Plaintiff<br><br>v.<br><br>Wells Fargo Bank, N.A.<br>Attention: Timothy J. Sloan, Chief Executive Officer<br>1525 W. WT Harris Blvd<br>Charlotte, NC 28262<br><br>C/O Counsel for Defendant<br>Keith M. Weddington<br>Parker Poe Adams & Bernstein LLP<br>401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br>Telephone: 704-335-9035<br>Fax: 704-335-9697 | **PROPOSED AMENDED COMPLAINT PER ORDER**<br><br>**CIVIL ACTION NO.**<br>**3:16-cv-653**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF COMPLAINT

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e (5). Equitable and other relief are also sought under 42 U.S.C. 2000e (5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343, 1391 and 42 U.S.C. Sections 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

2. This action is also brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act, as amended by The Americans with Disabilities Act Amendments Act of 2008.

1

3. This action is also brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, as provided by Titles I and V of the Americans with Disabilities Act of 1990 (ADA); these titles will appear in volume 42 of the United States Code, beginning at section 12101.

4. Plaintiff Underdue is an African American female who is over 40 years old and suffers from being super, super, super morbidly obese which was brought on by mental and physical disabilities which include a severe recurrent major depressive disorder, borderline personality disorder which is characterized by paranoia and anxiety disorders. The Plaintiff suffers from physical and mental disabilities that cause her to suffer from morbid obesity due to exacerbation of physiological disorders which resulted in substantial limits of her ability to engage in major life activities, such as walking and taking the stairs.

5. While the Plaintiff's mental and physical disabilities became further exacerbated following the filing of the original complaint; 3:14-cv-183, she remained co-operative and performed the requirements of her job without any disciplinary or performance write-ups through the date of her wrongful termination; October 29, 2014.

## JURISDICTION, VENUE AND PARTIES

5. Venue is proper in this judicial district as the Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to these actions occurred in this District.

6. That at all times hereinafter mentioned, Felicia Ann Underdue (hereinafter referred to as the "I", "Plaintiff" and/or "Underdue"), was and is a resident of Harrisburg, NC, State of North Carolina.

7. That at all times hereinafter mentioned, the Defendant, Wells Fargo Bank, N.A., formerly d/b/a Wachovia Bank, N.A., (hereinafter referred to as "Wells Fargo", "employer", "Defendant" and/or "the bank"), which was organized and is existing under the laws of the State of California. That the Defendant has one of its regional offices and a place of business in the City of Charlotte, County of Mecklenburg, State of North Carolina.

2

# **INTRODUCTION**

8. The Plaintiff respectfully request that all Exhibits from this current complaint and Complaint; 3:17-cv-196 be reviewed for all charges and violations included in this amended complaint.

9. That at all times hereinafter mentioned from April 16, 2014, thru October 29, 2014, Plaintiff Underdue was employed by Wells Fargo Bank, N.A. Underdue was entrusted as Customer Service Representative II (hereinafter referred to as "CSR II") in the Email Department of the Customer Information Center (hereinafter referred to as "CIC") location in Charlotte, North Carolina while employed at Wells Fargo by Chief Executive Officer (CEO), John Stumpf.

10. Plaintiff Underdue began her banking career with First Union Bank, which was acquired by Wachovia Bank N.A., which was then acquired by Wells Fargo Bank N.A. from 1997 to 1999 and 2000 to October 2014.

11. Plaintiff Underdue had been performing at or above satisfactory levels since the filing of her initial complaint; 3:14-cv-183 in April 2014 as the workplace increasingly racially hostile, harassing, discriminatory and retaliatory under the leadership of Jeremy Whicker, Brenda Hauk (now deceased), Kendra Brown, and Susan Lybrand.

12. Plaintiff Underdue began to suffer from mental breakdowns, including panic and anxiety attacks, which caused her to seek the guidance of Jeremy Whicker, Human Resources, Employee Relations, Ethicsline Web Reporting and Chief Executive Officer – John Stumpf to request to be transferred out of the department to reduce and/or eliminate the racially hostile Harassment, Retaliation, and Intimidation (also referred to as "Workplace Bullying) being directed at the Plaintiff by Kendra Brown and Susan Lybrand between April 15, 2014 through October 29, 2014.

13. On October 30, 2014, the Plaintiff reported her wrongful termination to the Equal Employment Opportunity Commission. The following boxes were checked on the Intake Questionnaire:

    a. Race, sex, age, disability, religion, retaliation, color and genetic information (Docket Entry 1 for 3:16-cv-653 Exhibit 4 page 4). Reduced by EEOC to retaliation and disability.

14. On December 22, 2014, the Plaintiff agreed to an arranged mediation which was held at the EEOC's Philadelphia, PA office. This mediation attempt failed since reinstatement of employment was not an option that was included in any of the Wells Fargo's mediation

3

offers to resolve EEOC Charge 430-2015-00219. (See 3:17-cv-196 Exhibit K: Mediation 1 page 38).

15. On December 22, 2014, the Plaintiff was advised by the EEOC that Charge 430-2015-00219 was to be turned over to an investigator. This did not happen until, on or about, April 25, 2015, which was a Saturday.

16. On or about April 24, 2015 Plaintiff Underdue received another settlement offer from Wells Fargo via Mediator Jimmy Jones with the Charlotte Division of the EEOC for Charge 430-2015-00219. This unauthorized (no formal documents were issued by the EEOC and/or Counsel Keith M. Weddington) mediation attempt was not agreed upon by Plaintiff Underdue. The offer included an attempt to resolve Charge 430-2015-00219 and the pending complaint; 3:14-cv-183-RJC with had been in the Fourth Circuit Court of Appeals for review. Communications on or about the following dates and times before Jimmy Jones would allow my case to be forwarded to an investigator:

    - 04/24/2015 at 8:09 PM
    - 04/24/2015 at 9:57 PM
    - 04/24/2015 at 10:16 PM
    - 04/25/2015 at 12:16 AM
    - 04/25/2015 at 7:47 AM
    - 04/25/2015 at 9:21 AM
    - 04/25/2015 at 9:41 AM
    - 04/25/2015 at 9:50 AM

17. Plaintiff Underdue declined what appeared to be an unauthorized offer from the Defendants via Jimmy Jones since it did not include reinstatement and did not follow the same procedures as the mediation that occurred in December 2014. Note: While Mr. Jones advised that the offer being presented on or about April 25, 2015 was a valid offer, neither Harley Jones (Defendant's internal counsel) nor Keith M. Weddington (outside counsel) would meet and/or engage in settlement talks with the Plaintiff without the use of a proxy when attempting to resolve the charge; Charge 430-2015-00219.

18. The delay in the Plaintiff's charge in being transferred to an investigator was not due to any control of the Plaintiff. The Plaintiff is seeking to ensure her rights are protected for all the boxes checked on the Intake Questionnaire; Race, sex, age, disability, religion, retaliation, color and genetic information.

19. The Plaintiff received a Right To Sue letter on or about June 30, 2016 and timely filed a complaint with the Western District of North Carolina, Charlotte Division utilizing the boxes checked on the Intake Questionnaire.

4

20. In Jones v. Needham, US Court of Appeals for the tenth circuit; No. 16-6156 page 5, found that filing a charge with the EEOC of the reported violations was sufficient to satisfy the requirement of exhausting administrative relief:

> "...our recent cases suggest that exhaustion in this context might be better characterized as a claims-processing obligation."

21. The Plaintiff has completed this process as required to satisfy the requirement that administrative relief was sought with the Equal Employment Opportunity Commission in Charlotte, NC.

22. The Plaintiff utilized and exhausted on numerous occasions various administrative remedies/reliefs directly with the Defendant which included two mediations attempts with the EEOC.

23. The Plaintiff respectfully request to proceed before a jury of her peers for assistance in obtaining justice.

## ALLEGATIONS/CAUSES OF ACTION

## COUNT I. Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C. - American with Disability Violation– Reasonable Accomodation- Disability

24. Plaintiff Underdue reported to Jeremy Whicker, Brenda Hauk, Human Resources and Employee Relations regarding possible resolutions for the repeated attacks by Kendra Brown and Susan Lybrand. See Exhibit 1(I); Timeline of Harassment, Retaliation and Intimidation for steps taken to seek administrative relief directly with the Defendant and local courts to provide relief from hostile discriminatory environment.

25. Direct harassment, retaliation and intimidation began shortly after the initial complaint; Civil Action No. 3:14-CV-00183-RJC was filed on April 14, 2014. See Exhibit 1(I); Timeline of Harassment, Retaliation and Intimidation.

26. On May 1, 2014, the Defendant provided their legal counsel with my personal cell phone number in lieu of my direct desk extension at work. My personal cell phone number was not provided with the complaint since I wished to only be contacted in writing regarding this matter to ensure my work performance was unaffected. Plaintiff was attempting to desperately leave the Email Department to prevent any further hostilities from being directed toward her. See Exhibit 6; Privacy Violation.

5

27. Wells Fargo's Policies failed to provide Plaintiff Underdue with any protection from Harassment, Retaliation and Intimidation due to the reported complaints. The policies were falsehoods that were provided to employees. See attached Exhibit 2; Policies.

28. After repeated failed request to be transferred out of the department due to the continuous mental breakdowns caused by the repeated attacks, Wells Fargo Wrongfully Terminated Plaintiff Underdue as a means of resolving the complaints that had been filed and in lieu of transferring her out of the department into a position Plaintiff Underdue was qualified to do. See Exhibit 3; Letter of Termination.

29. Plaintiff Underdue alleges that the primary reason for the termination was for her disabilities and/or as a result of the Defendant's failure to accommodate her disabilities.

30. Plaintiff Underdue alleges that another primary reason for the termination was due to the Defendant enabling the existing leaders to harass, retaliate and intimidate the Plaintiff until she was forced to resign. The leaders had hoped to create an environment that would cause the Plaintiff to fail in performance which would justify failing to move her to another department. These attempts failed. See Exhibit 1(I); Timeline of Harassment, Retaliation and Intimidation.

31. At all relevant times Plaintiff Underdue was a "qualified employee" as defined by 42 USC §12111(5)(A) of the ADA as she had been performing all of the essential functions or could have performed the essential functions of her job with a reasonable accommodation or could have been transferred to a qualified position that had been applied for. See Exhibit 5; Job Log.

32. The Defendant was a "covered" employer as defined in 42 USC § 12111(5)(A) of the ADA at all relevant times.

33. Plaintiff Underdue filed a charge of discrimination with the Equal Employment Opportunity Commission on October 30, 2014. See Exhibit 4; EEOC documents.

34. This lawsuit is timely filed within 90 days of Plaintiff Underdue's receipt of that notice.

### COUNT II. Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C. - American with Disability Violation– Wrongful Termination

35. The allegations in 1 through 34 and 38 through 51 are re-alleged and incorporated herein by reference.

6

## COUNT III. Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C., section 2000e – Harassment, Retaliation, and Intimidation (hereinafter "Workplace Workplace Bullying")

36. The allegations in 1 through 34 and 38 through 51 are re-alleged and incorporated herein by reference.

## COUNT IV. Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C., section 2000e – Hostile Work Environment (hereinafter "Workplace Workplace Bullying")

37. The allegations in 1 through 34 and 38 through 51 are re-alleged and incorporated herein by reference.

## COUNT V. Intentional Infliction of Emotional Distress (IIED)

38. The allegations in 1 through 37 are re-alleged and incorporated herein by reference.

39. On or about May 1, 2014, Plaintiff Underdue's cell phone number was provided by the leadership of her department to Harley Jones in the Law Department who provided it to their outside legal counsel without the Plaintiff's authorization. See Exhibit 6; Privacy Violation.

40. On or about the following dates May 9, 2014, May 12, 2014, and August 29, 2014, the Plaintiff requested to be moved from the Email Department due to continuously having to report hostilities being directed towards her from leadership and peers. See Exhibit I (1); Timeline of Harassment, Retaliation and Intimidation.

41. On or about July 3, 2014, Plaintiff Underdue received a letter from Defendant's counsel that proposed an offer that included her termination from her employment. This offer was declined. After this date, hostilities directed at the Plaintiff by leadership and peers had to be reported on numerous dates. See Exhibit I (1); Timeline of Harassment, Retaliation and Intimidation and Exhibit 9; First Attempt to Intimidate by Counsel/Settlement Offer.

42. On or about August 30, 2014, Plaintiff reported continued denial of mentoring and training that would have enabled the Plaintiff to increase her skill sets to meet the criteria needed to be moved to another department with the Defendant. Previous mentoring and additional training outside of Email Department was unpaid until a resolution was sought through the Department of Labor. Other employees were paid for mentoring/training time spent during working hours while this opportunity was denied to the Plaintiff. The time was paid through Wells Fargo's Law Department; Harley Jones after contacting the Department of Labor. See Exhibit 7; Fair Labor Standards Act Resolution.

43. During the month of July 2014, efforts to create to a hostile environment continued. Some employees and dear friends of many years opted to discontinue all association with the Plaintiff. This was a blatant attempt to force the Plaintiff to quit her job due to causing her extreme duress. At the request of long time peers and fellow team members, Plaintiff Underdue could not even say "Good Morning" to the peers that she had worked with for nearly 7 to 10 years.

7

44. On July 9, 2014, an Order of Protection was sought by Plaintiff Underdue shortly after the filing of case 3:14 vs 183 in the District Court for the Western District of North Carolina, Charlotte Division. The Order of Protection was for the named Defendants, which included Kendra Brown and Susan Lybrand. The request was declined on July 15, 2014.

45. On September 24, 2014, Kendra Brown and other employees/friends staged an attempt to intimidate and harass the Plaintiff at work. Kendra Brown requested the Plaintiff reduce the volume of music she used to cocoon herself from the hostile environment. Shortly thereafter, the Plaintiff heard a lot of noise and efforts to make her aware of the presence of people behind her. Directly standing behind the Plaintiff were Kendra Brown (KB) and friends/peers. They all stood behind the Plaintiff with fist balled up as if to hit Plaintiff Underdue. Plaintiff Underdue immediately turned around and waited to be attacked. The group disbanded following no response from the Plaintiff.

46. On or about September 24, 2014, Plaintiff Underdue reported the efforts of KB and her friends/peers. She was advised by Human Resources and Corporate Security that because Kendra Brown, nor her peers, had physically harmed the Plaintiff, nothing could be done about the threats that had been communicated to her or to alleviate the hostile work environment. See Exhibit 12; Corporate Security.

47. On or about October 1, 2014, Counsel for case number 3:14 CV 183 contacted Plaintiff Underdue via telephone to offer to end her employment and to propose settlement terms that would include the end of her employment prior to retirement. The Plaintiff declined. She wished to be removed from the hostile environment currently being worked, which was the Email Department, to one of the numerous opportunities available through the Defendant; Wells Fargo Bank, N.A. See Exhibit 5; Job Log.

48. Between September 2014, and October 2014, Plaintiff Underdue filed a request for a copy of her employment records. Plaintiff found that her scores for her year-end performance for the year 2012 had been intentionally falsified by Susan Lybrand. The scores showed a falsified performance score of 2.95 which was under a score of three (3) out of the score total of five (5). Thereby making her ineligible for many of the jobs she had been posting for. When HR was contacted, they advise that nothing would be done. See Exhibit 11; Employment Record and Exhibit 10; Performance Criteria.

49. On October 7, 2014, I filed Restraining Orders against Kendra Brown, Susan Lybrand, Brenda Hauk and Yashiba Douglas to end the harassment, intimidation and retaliation that I was experiencing. Following the approach of Kendra Brown and her friends/peers who stood behind me with their first balled up, I began experiencing breathing difficulties, heightened anxiety, extreme fear and paranoia while at work. Corporate Security would do nothing unless I had been physically harmed. By the time this matter was brought before a judge on November 5, 2014, I had been terminated and the Restraining Orders were denied. See Exhibit 13; Notification to Corporate Security.

8

50. On October 23 2014, Plaintiff reported to the following members of leadership, John Stumpf; CEO, Carrie Tolstedt, James P Smith, Carey Mulligan, and Jeremy Whicker the actions of Susan Lybrand and attached the email that requested to be removed from the Email Department due to the current hostilities being directed at her. See Exhibit 8; Leader Notification.

51. On October 29, 2014, Plaintiff Underdue was wrongfully terminated. See Exhibit 3 - Termination Letter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Underdue seeks the following:

1. Damages in the amount of $5,000,000.00 for Allegations/Causes of Action I through V for the loss of wages, the loss of retirement benefits, and the Intentional Infliction of Emotional Distress.
2. The Plaintiff seek any such compensation and/or relief the Court deems just and proper.
3. The Court enter a judgment in favor of the Plaintiff and against the Defendant.
4. The Court enter an award in favor of the Plaintiff and against the Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in wrongfully discharging the Plaintiff.
5. The Court enter a judgment in favor of the Plaintiff and against the Defendant for the great Intentional Infliction of Emotional Distress, mental pain, suffering, stress, grief, worry and mental anguish caused by the Defendant wrongfully discharging the Plaintiff.

Lastly, the Plaintiff respectfully demands a jury trial and prays that the relief sought be granted by a jury of her peers. Respectfully submitted this the 27th day of July, 2017.

*Felicia Ann Underdue*
Felicia Ann Underdue, Plaintiff - Pro Se

3944 Town Center Rd

Harrisburg, NC 28075

Telephone: 704-488-8189

# CERTIFICATE OF SERVICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I hereby certify that on the 27th day of July, 2017, the Plaintiff hand-delivered to the court house of the Western District of North Carolina for electronic delivery of the file using the foregoing notification system used by attorneys working in conjunction with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

WELLS FARGO BANK, N.A

Defendant

In care of Counsel for the Defendant:

Keith M. Weddington Parker Poe Adams & Bernstein LLP

401 South Tryon Street Suite 3000

Charlotte, NC 28202

Telephone: 704-335-9035

Fax: 704-335-9697

Email: keithweddington@parkerpoe.com

*Felicia A. Underdue*

Felicia Ann Underdue,

Plaintiff

3944 Town Center Rd

Harrisburg, NC 28075

Date: May 26, 2017