UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00653-RJC

| | |
|---|---|
| FELICIA A. UNDERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint, (Doc. No. 25), and Defendant's Motion to Dismiss, (Doc. No. 8).

I. BACKGROUND

Plaintiff Felicia A. Underdue ("Plaintiff") initiated this action against Defendant Wells Fargo Bank, N.A. ("Defendant") with the filing of a Complaint on September 7, 2016. (Doc. No. 1.) On September 13, 2016, Plaintiff filed an Amended Complaint. (Doc. No. 3.)

On December 27, 2016, Defendant filed its Motion to Dismiss. (Doc. No. 8.) On May 3, 2017, the Court issued a Roseboro Order directing Plaintiff to file a response, if any, to Defendant's Motion to Dismiss within fourteen days. (Doc. No. 18.)

On May 9, 2017, Plaintiff filed a Motion for Extension of Time requesting additional time to respond to Defendant's Motion to Dismiss. (Doc. No. 20.) On June 14, 2017, Plaintiff filed the Motion to Amend Complaint. (Doc. No. 25.)

On July 13, 2017, the Court issued an Order directing Plaintiff to file a

response, if any, to Defendant's Motion to Dismiss on or before July 28, 2017. (Doc. No. 26.) The Court further directed Plaintiff to file a proposed amended complaint in connection with her Motion to Amend Complaint on or before July 28, 2017. (Doc. No. 26.)

On July 27, 2017, Plaintiff timely filed a Proposed Amended Complaint. (Doc. No. 27.) On August 8, 2017, Plaintiff filed an Amended Complaint. (Doc. No. 28.) Plaintiff's Amended Complaint, (Doc. No. 28), contains additional allegations and causes of action not included in Plaintiff's Proposed Amended Complaint, (Doc. No. 27).

On August 22, 2017, Defendant filed its Response to Plaintiff's Motion to Amend Complaint asserting that Plaintiff's motion should be denied based on futility. (Doc. No. 30.)

On September 27, 2017, Plaintiff filed a Final Amended Complaint. (Doc. No. 33.)

On November 9, 2017, the Court issued an Order, (Doc. No. 35), directing Plaintiff to show cause as to why the Court should not strike Plaintiff's Amended Complaint, (Doc. No. 28), and Final Amended Complaint, (Doc. No. 33), as untimely. Plaintiff timely filed her response to the Order on November 13, 2017. (Doc. No. 36.) Plaintiff's Motion to Amend Complaint and Defendant's Motion to Dismiss are now ripe for resolution.

## II. DISCUSSION

### A. The Court strikes Plaintiff's Amended Complaint, (Doc. No. 28), and Final Amended Complaint, (Doc. No. 33), as untimely.

After Plaintiff filed her Motion to Amend Complaint, (Doc. No. 25), the Court issued an Order, (Doc. No. 26), directing Plaintiff to file a proposed amended complaint on or before July 28, 2017. Plaintiff timely filed a Proposed Amended Complaint on July 27, 2017. (Doc. No. 27.) The Court thus strikes as untimely Plaintiff's Amended Complaint filed on August 8, 2017, (Doc. No. 28), and Final Amended Complaint filed on September 27, 2017, (Doc. No. 33). Plaintiff's Proposed Amended Complaint, (Doc. No. 27), is the operative proposed pleading for purposes of Plaintiff's Motion to Amend Complaint, (Doc. No. 25).

### B. The Court grants in part and denies in part Plaintiff's Motion to Amend Complaint based on futility.

Plaintiff's Proposed Amended Complaint asserts the following claims: (1) "Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C. – American with Disability Violation – Reasonable Accommodation – Disability"; (2) "Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C. – American with Disability Violation – Wrongful Termination"; (3) "Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C., section 2000e – Harassment, Retaliation, and Intimidation"; (4) "Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C., section 2000e – Hostile Work Environment"; and (5) intentional infliction of emotional distress ("IIED"). (Doc. No. 27.)

Defendant argues that the Court should deny Plaintiff's Motion to Amend

Complaint based on futility. Defendant argues that amendment is futile because (1) the allegations of the Proposed Amended Complaint are insufficient to state an IIED claim, and (2) Plaintiff failed to exhaust her administrative remedies as to any claims under Title VII.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, the party may amend the pleading within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). After a party has amended its pleading once as a matter of course, a party may only amend its pleading with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend based on futility of amendment. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

Plaintiff's proposed Count V asserts a claim for IIED based on alleged harassment and retaliation Plaintiff experienced at work. For example, Plaintiff alleges that her co-workers stopped associating with her in an effort to force her to

4

quit her job, her performance scores were falsified, she was excluded from events, she was denied bereavement time, and she was forced to work an afternoon without a break. (Doc. No. 27, ¶¶ 40, 43, 48; Doc. No. 1-1, at 1.) In addition, Plaintiff alleges that a member of leadership asked Plaintiff to lower her music volume, and then "Plaintiff heard a lot of noise and efforts to make her aware of the presence of people behind her. Directly standing behind the Plaintiff were [the member of leadership] and friends/peers. They all stood behind the Plaintiff with fist [sic] balled up as if to hit [Plaintiff]. [Plaintiff] immediately turned around and waited to be attacked. The group disbanded following no response from the Plaintiff." (Doc. No. 27, ¶ 45.)

IIED claims require a showing of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Guthrie v. Conroy, 567 S.E.2d 403, 408–09 (N.C. Ct. App. 2002). Generally, wrongful termination or adverse actions in the workplace do not constitute "extreme and outrageous conduct" sufficient to support an IIED claim. See Frazier v. First Union Nat'l Bank, 747 F. Supp. 1540, 1553–54 (W.D.N.C. 1990).

Here, Plaintiff's Proposed Amended Complaint fails to allege the requisite extreme and outrageous conduct to support an IIED claim. Accordingly, the Court denies Plaintiff's Motion to Amend Complaint as to Count V based on futility. The Court now turns to Plaintiff's proposed claims under Title VII.

A plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") before bringing a federal lawsuit under Title VII

5

or the Americans with Disabilities Act ("ADA"). Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012); 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). The requirement that a plaintiff exhaust her administrative remedies prior to filing a formal lawsuit serves the purposes of putting the employer on notice of the alleged violations, promoting timely resolution of claims, and allowing the EEOC to use administrative conciliation as the primary means of handling claims. Sydnor, 681 F.3d at 593. Because these goals are undermined when a plaintiff raises claims in litigation that were not raised before the EEOC, the discrimination charge determines the scope of plaintiff's complaint in federal court. Id.; Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Thus, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Chacko, 429 F.3d at 506.

Here, Plaintiff's discrimination charge only asserted claims of retaliation and discrimination under the ADA. (Doc. No. 9, at 13.) However, Counts III and IV of Plaintiff's Proposed Amended Complaint assert claims under Title VII. (Doc. No. 27, at 7.) As Plaintiff's EEOC charge only asserted claims of discrimination under the ADA, Plaintiff failed to exhaust her administrative remedies as to claims under Title VII. Accordingly, Plaintiff's Motion to Amend Complaint is denied as to Counts III and IV based on futility.

Although Counts I and II of the Proposed Amended Complaint reference Title VII, these counts are more properly construed as claims for failure to accommodate

6

and wrongful discharge, respectively, under the ADA. As Plaintiff's EEOC charge asserted discrimination based on disability, Plaintiff may pursue these claims in this Court.

In sum, the Court grants Plaintiff's Motion to Amend Complaint, (Doc. No. 25), as to Counts I and II of the Proposed Amended Complaint, (Doc. No. 27). The Court denies Plaintiff's motion as to Counts III, IV, and V of the Proposed Amended Complaint, (Doc. No. 27), and these Counts are stricken. Plaintiff's Proposed Amended Complaint, (Doc. No. 27), as modified herein, shall be the operative complaint.

### C. The Court denies as moot Defendant's Motion to Dismiss.

Having concluded that Plaintiff's Motion to Amend Complaint should be granted in part, the Court denies as moot Defendant's Motion to Dismiss. (Doc. No. 8.)

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Amended Complaint, (Doc. No. 28), and Final Amended Complaint, (Doc. No. 33), are **STRICKEN**;

2. Plaintiff's Motion to Amend Complaint, (Doc. No. 25), is **GRANTED in part** and **DENIED in part**. The Court grants Plaintiff's motion as to Counts I and II of the Proposed Amended Complaint. (Doc. No. 27.) The Court denies Plaintiff's motion as to Counts III, IV, and V of the Proposed Amended Complaint, (Doc. No. 27), and these counts are

stricken. The Proposed Amended Complaint, (Doc. No. 27), as modified herein, shall be the operative complaint; and

3. Defendant's Motion to Dismiss, (Doc. No. 8), is **DENIED as moot**.

Signed: September 27, 2019

Robert J. Conrad, Jr.
United States District Judge