IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:16-CV-653

| | |
|---|---|
| **FELICIA ANN UNDERDUE**, | )<br>) |
| Plaintiff, | ) |
| v. | )<br>) **ANSWER TO PLAINTIFF'S** |
| **WELLS FARGO BANK, N.A.** | ) **AMENDED COMPLAINT**<br>) |
| Defendant. | ) |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), responding to the allegations contained in Plaintiff's Proposed Amended Complaint (the "Amended Complaint") (Doc. 27) as amended by the Court's September 27, 2019 Order (Doc. 37), alleges and says that:

1. The allegations contained in paragraph 1 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required. To the extent a response may be required, such allegations are denied.

2. The allegations contained in paragraph 2 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required. To the extent a response may be required, such allegations are denied.

3. The allegations contained in paragraph 3 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required. To the extent a response may be required, such allegations are denied.

4. It is admitted upon information and belief that Plaintiff is African American and is over 40 years old. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the Amended Complaint.

Consequently, except as expressly admitted herein, the allegations contained in paragraph 4 of the Amended Complaint are denied.

5. It is admitted that Plaintiff's employment with Wells Fargo was terminated on or about October 29, 2014. Except as expressly admitted herein, the allegations contained in the first paragraph 5 of the Amended Complaint are denied.

## JURISDICTION, VENUE AND PARTIES

5. (Second paragraph No.5)   The allegations contained in the second paragraph 5 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required. To the extent a response may be required, it is admitted that venue in this district is proper and that Defendant is subject to personal jurisdiction of this court. Except as expressly admitted herein, the allegations contained in the second paragraph 5 of the Amended Complaint are denied

6. It is admitted upon information and belief that Plaintiff was and is a resident of Harrisburg, North Carolina.

7. It is admitted that Defendant Wells Fargo Bank, N.A., formerly Wachovia Bank, N.A., has a place of business in Charlotte, Mecklenburg County, North Carolina. Except as expressly admitted herein, the allegations contained in paragraph 7 of the Amended Complaint are denied.

## INTRODUCTION

8. The allegations contained in Paragraph 8 of the Amended Complaint are not factual allegations and thus no response is required. To the extent a response may be required, the allegations contained in Paragraph 8 and all exhibits filed with the Amended Complaint and the Complaint filed in case 3:17-cv-196, are denied.

9. It is admitted that Plaintiff was employed by Defendant as a Customer Service Representative II in the Email Department of the Customer Information Center located in Charlotte, North Carolina, from April 16, 2014 through October 29, 2014. Except as expressly admitted herein, the allegations contained in paragraph 9 of the Amended Complaint are denied.

10. It is admitted that Plaintiff was employed by First Union National Bank from approximately 1997 to approximately 1999 and that she was employed by Wachovia Bank, N.A. or Wells Fargo Bank, N.A. from approximately 2000 through October 29, 2014. Except as expressly admitted herein, the allegations contained in paragraph 10 of the Amended Complaint are denied.

11. The allegations contained in paragraph 11 of the Amended Complaint are denied

12. It is admitted that Plaintiff contacted Jeremy Whicker, contacted Human Resources personnel at Wells Fargo and sent email correspondence to Wells Fargo's former CEO, John Stumpf, seeking a transfer. Except as expressly admitted herein, the allegations contained in paragraph 12 of the Amended Complaint are denied.

13. It is admitted that the EEOC intake questionnaire associated with EEOC Charge No. 430-2015-00219 is in writing. Except as expressly admitted herein, the allegations contained in paragraph 13 of the Amended Complaint are denied.

14. It is admitted that a mediation conference was held in connection with Plaintiff's EEOC Charge, Charge No. 430-2015-00219, and that no settlement was reached. Except as expressly admitted herein, the allegations contained in paragraph 14 of the Amended Complaint are denied.

15. Defendant lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her communications with the EEOC. Consequently, the allegations contained in paragraph 15 of the Amended Complaint are denied.

16. Defendant lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her communications with the EEOC. Consequently, the allegations contained in paragraph 16 of the Amended Complaint are denied.

17. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning her communications with the EEOC. Consequently, the allegations contained in paragraph 17 of the Amended Complaint are denied.

18. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning the timing of the EEOC's internal actions. Consequently, such allegations are denied. The remaining allegations contained in paragraph 18 of the Amended Complaint state the legal conclusion of the Plaintiff to which no response is required. To the extent a response may be required, such allegations are denied.

19. It is admitted that the EEOC issued a Dismissal and Notice of Rights letter dated June 30, 2016. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning when Plaintiff received the Right to Sue letter. The remaining allegations contained in paragraph 19 of the Amended Complaint state the legal conclusion of the Plaintiff to which no response is required. Except as expressly admitted herein, the allegations contained in paragraph 19 of the Amended Complaint are denied.

20. In it admitted that the opinion of the U.S. Court of Appeals for the Tenth Circuit in *Jones v. Needham*, No. 16-6156, is in writing. Except as expressly admitted herein, the allegations contained in paragraph 20 of the Amended Complaint are denied.

21. The allegations contained in paragraph 21 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required. To the extent a response is required, such allegations are denied.

22. The allegations contained in paragraph 22 of the Amended Complaint are denied.

23. It is admitted that Plaintiff has requested a jury trial. Except as expressly admitted herein, the allegations contained in paragraph 23 of the Amended Complaint are denied.

## ALLEGATIONS/CAUSES OF ACTION

### Count I. Title VII Of The Civil Rights Act Of 1964 Volume 42 Of The U.S.C. – American With Disability Violation – Reasonable Accommodation – Disability

24. It is admitted that Plaintiff had various contacts and communications with Jeremy Whicker, Brenda Hauk, and Human Resources personnel of Wells Fargo. Except as expressly admitted herein, the allegations contained in paragraph 24 of the Amended Complaint are denied

25. The allegations contained in paragraph 25 of the Amended Complaint are denied.

26. It is admitted that Wells Fargo provided its legal counsel with Plaintiff's cell phone number after Plaintiff filed her initial lawsuit against Wells Fargo (3:14-CV-00183-RJC). Defendant lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her wishes. Consequently, such allegations are denied. Except as expressly admitted herein, the allegations contained in paragraph 26 of the Amended Complaint are denied.

27. The allegations contained in paragraph 27 of the Amended Complaint are denied.

28. The allegations contained in paragraph 28 of the Amended Complaint are denied.

29. The allegations contained in paragraph 29 of the Amended Complaint are denied.

30. The allegations contained in paragraph 30 of the Amended Complaint are denied.

31. The allegations contained in paragraph 31 of the Amended Complaint state the legal conclusions of the Plaintiff, to which no response is required. To the extent a response may be required, such allegations are denied.

32. The allegations contained in paragraph 32 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required.

33. It is admitted that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on October 30, 2014 and that charge is in writing. Except as expressly admitted herein, the allegations contained in paragraph 33 of the Amended Complaint are denied.

34. The allegations contained in paragraph 34 of the Amended Complaint state the legal conclusions of the Plaintiff to which no response is required.

### COUNT II. Title VII of the Civil Rights Act of 1964 Volume 42 of the U.S.C. – American with Disability Violation – Wrongful Termination

35. Defendant realleges and incorporates by reference herein paragraph's 1 – 34 of its Answer. According to the Court's September 27, 2019 Order (Doc. 37), Counts III, IV and V of Plaintiff's Amended Complaint were stricken. Consequently, no response is required to the allegations regarding paragraphs 38 through 51 contained in paragraph 35 of the Amended Complaint. To the extent a response may be required, such allegations are denied.

### COUNTS III-V.

36-51. According to the Court's September 27, 2019 Order (Doc. 37), Counts III, IV and V of Plaintiff's Amended Complaint were stricken. Consequently, no response is required to paragraphs 36 through 51 of the Amended Complaint. To the extent a response may be required, such allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to comply with any statutory prerequisites, Plaintiff's claims in this action are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the October 30, 2014 charge of discrimination she filed with the EEOC.

## FOURTH AFFIRMATIVE DEFENSE

All events which occurred more than one hundred eighty (180) days prior to the filing of Plaintiff's charge of discrimination are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than one hundred eighty (180) days prior to her October 30, 2014 EEOC charge.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken with regard to Plaintiff's employment relationship with Defendant were based solely upon legitimate, non-discriminatory, non-retaliatory reasons, were justified and were not unlawful.

## SIXTH AFFIRMATIVE DEFENSE

The business and employment practices of Defendant are now, and were at all relevant times, conducted in accordance with any and all applicable local, state and federal laws and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has and continues to have the ability to mitigate any alleged damages and to the extent mitigation has not occurred, Defendant pleads failure to mitigate as a full or partial bar to Plaintiff's recovery.

## NINTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Amended Complaint, which Defendant denies, Plaintiff's potential remedies are limited, in whole or in part, to the extent there is any after-acquired evidence of wrongdoing by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Amended Complaint, which Defendant denies, such conduct was contrary to Defendant's good faith efforts to comply with the federal anti-discrimination laws. Consequently, any claims of Plaintiff for punitive damages are barred.

Defendant hereby reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant prays that the court:

1. Dismiss Plaintiff's claims with prejudice.

2. That judgment be entered in favor of Defendant on each of Plaintiff's claims and that Plaintiff have and recover nothing of Defendant.

3. Tax the costs of this action and such attorneys' fees as may be allowed by law against Plaintiff.

4. Grant Defendant such other and further relief as the court may deem just and proper.

This 11th day of October, 2019.

/s/Keith M. Weddington
Keith M. Weddington
N.C. State Bar No. 14352
Sarah J. Douglas
N.C. State Bar No. 47839

**Parker Poe Adams & Bernstein LLP**
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
keithweddington@parkerpoe.com
sarahdouglas@parkerpoe.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing *"Answer to Plaintiff's Amended Complaint"* was served on the plaintiff listed below via prepaid United States First Class mail and addressed as follows:

> Felicia A. Underdue
> 3944 Town Center Road
> Harrisburg NC 28075

This 11th day of October, 2019.

> /s/Sarah J. Douglas
> Sarah J. Douglas