UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00653-RJC

| | |
|---|---|
| FELICIA A. UNDERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's motion for reinstatement of employment, (Doc. No. 40), Plaintiff's motion for employment records, (Doc. No. 47), Plaintiff's motion to compel, (Doc. No. 53), Defendant's motion for extension of time to respond to Plaintiff's motion to compel, (Doc. No. 54), and the parties' joint motion to amend the Pretrial Order and Case Management Plan, (Doc. No. 62).

I. BACKGROUND

Plaintiff Felicia A. Underdue ("Plaintiff") initiated this action against Defendant Wells Fargo Bank, N.A. ("Defendant") with the filing of a Complaint on September 7, 2016. (Doc. No. 1.)

On June 14, 2017, Plaintiff filed a motion to amend her complaint. (Doc. No. 25.) On July 13, 2017, the Court issued an order directing Plaintiff to file a proposed amended complaint in connection with her motion to amend on or before July 28, 2017. (Doc. No. 26.) On July 27, 2017, Plaintiff timely filed a proposed

amended complaint. (Doc. No. 27.)

On September 27, 2019, the Court issued an order granting in part and denying in part Plaintiff's motion to amend. (Doc. No. 37.) The Court granted Plaintiff's motion as to Counts I and II of the proposed amended complaint for failure to accommodate and wrongful discharge under the Americans with Disabilities Act, and the Court denied Plaintiff's motion as to Counts III, IV, and V. (Doc. No. 37, at 7.)

On October 25, 2019, Plaintiff filed a motion for reinstatement of employment. (Doc. No. 40.) On November 22, 2019, Plaintiff filed a motion for employment records. (Doc. No. 47.) On March 16, 2020, Plaintiff filed a motion to compel. (Doc. No. 53.) On June 26, 2020, the parties filed a joint motion to amend the Pretrial Order and Case Management Plan. (Doc. No. 62.) The motions are ripe for resolution.

## II. DISCUSSION

### A. Plaintiff's Motion for Reinstatement of Employment

Plaintiff seeks immediate reinstatement of her employment with Defendant. Plaintiff's motion thus requests a preliminary injunction.

A party seeking a preliminary injunction must demonstrate all of the following: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) the injunction is in the public interest. <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008). "Preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited

2

Case 3:16-cv-00653-RJC    Document 63    Filed 08/05/20    Page 2 of 6

circumstances." Sun Microsystems, Inc. v. Microsoft Corp., 333 F.3d 517, 524 (4th Cir. 2003).

Plaintiff has failed to establish that she is entitled to a preliminary injunction. Plaintiff has not come forward with any evidence to show that she is likely to succeed on her claims. In addition, Plaintiff has failed to show that she will suffer irreparable harm without immediate reinstatement of her employment. Plaintiff's employment with Defendant ended in October 2014, and Plaintiff did not seek immediate reinstatement until October 2019—five years after her employment was terminated. The Fourth Circuit has stated that a delay in seeking injunctive relief may indicate an absence of the kind of irreparable harm required to support a preliminary injunction. Quince Orchard Valley Citizens Ass'n v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989). Here, Plaintiff's five-year delay in seeking a preliminary injunction indicates an absence of irreparable harm required to warrant a preliminary injunction. Therefore, the Court denies Plaintiff's motion for reinstatement of employment. (Doc. No. 40.)

### B. Plaintiff's Motion for Employment Records

Plaintiff seeks her employment records from Defendant. (Doc. No. 47.) Accordingly, Plaintiff's motion is a request for discovery. Local Rule 26.2 provides that a party shall not file any initial discovery requests unless "(1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition." Plaintiff's discovery request does not comply with Local Rule 26.2 because the Court had not directed any

3

discovery requests to be filed, the discovery request was not needed for an in-Court proceeding, and the discovery request was not filed to support or oppose a motion or petition. Nevertheless, Defendant stated in its opposition that it would serve its objections and responses to Plaintiff's discovery requests.

Therefore, the Court denies Plaintiff's motion for employment records. (Doc. No. 47.) The Court further instructs Plaintiff that she is not to file any future discovery requests with the Court except as provided in Local Rule 26.2.

### C. Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Defendant "to provide the Plaintiff with any and/or all details requested by the Plaintiff, including the evidence and/or records regarding the incidences involving the named witnesses." (Doc. No. 53, at 2.) Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion to compel does not include a certification, and Plaintiff failed to confer or attempt to confer with Defendant regarding the alleged outstanding discovery prior to filing the motion. Therefore, the Court denies Plaintiff's motion to compel. See Miller v. Wal-Mart, No. 1:13cv46, 2014 WL 454687, at *1 (W.D.N.C. Sept. 12, 2014) (denying pro se plaintiff's motion to compel where plaintiff failed to confer or attempt to confer with defendant prior to filing the motion).

4

D.  Joint Motion to Amend Pretrial Order and Case Management Plan

The parties move to extend the deadlines set forth in the Pretrial Order and Case Management Plan by approximately three months. (Doc. No. 62.) The parties state that due to the global COVID-19 pandemic, the parties have been unable to conduct necessary depositions and conduct other discovery. For good cause shown, the Court grants the motion. (Doc. No. 62.) The Pretrial Order and Case Management Plan is amended as follows:

| DEADLINES | |
|---|---|
| Discovery Completion: | November 12, 2020 |
| Expert Reports: | July 28, 2020 (plaintiff) |
| | September 28, 2020 (defendant) |
| Mediation: | November 25, 2020 |
| Dispositive Motions: | December 28, 2020 |
| Oral Argument on MSJs: | On or before February 8, 2021 |
| Jury Trial: | May 3, 2021 |

IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's motion for reinstatement of employment, (Doc. No. 40), is **DENIED**;

2. Plaintiff's motion for employment records, (Doc. No. 47), is **DENIED**;

3. Plaintiff's motion to compel, (Doc. No. 53), is **DENIED**;

4. Defendant's motion for extension of time to respond to Plaintiff's motion to compel, (Doc. No. 54), is **DENIED as moot**; and

5. The parties' motion to amend the Pretrial Order and Case

5

Management Plan, (Doc. No. 62), is **GRANTED**.

Signed: August 5, 2020

Robert J. Conrad, Jr.
United States District Judge