UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00653-RJC

| | |
|---|---|
| FELICIA A. UNDERDUE, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Compel, (Doc. No. 64, see also Doc. No. 65), Plaintiff's Notice of Appeal, (Doc. No. 66), Defendant's Second Motion to Amend/Correct the Scheduling Order, (Doc. No. 69), and Defendant's Motion to Compel Mediation, (Doc. No. 71).

I.  BACKGROUND

Plaintiff Felicia A. Underdue ("Plaintiff") initiated this action against Defendant Wells Fargo Bank, N.A. ("Defendant") with the filing of a Complaint on September 7, 2016. (Doc. No. 1).

On June 14, 2017, Plaintiff filed a motion to amend her complaint. (Doc. No. 25). On July 13, 2017, the Court issued an order directing Plaintiff to file a proposed amended complaint in connection with her motion to amend on or before July 28, 2017. (Doc. No. 26). On July 27, 2017, Plaintiff timely filed a proposed amended complaint. (Doc. No. 27).

On September 27, 2019, the Court issued an order granting in part and

1

denying in part Plaintiff's motion to amend. (Doc. No. 37). The Court granted Plaintiff's motion as to Counts I and II of the proposed amended complaint for failure to accommodate and wrongful discharge under the Americans with Disabilities Act, and the Court denied Plaintiff's motion as to Counts III, IV, and V. (Doc. No. 37, at 7).

On October 25, 2019, Plaintiff filed a motion for reinstatement of employment. (Doc. No. 40). On November 22, 2019, Plaintiff filed a motion for employment records. (Doc. No. 47). On March 16, 2020, Plaintiff filed a motion to compel. (Doc. No. 53). On June 26, 2020, the parties filed a joint motion to amend the Pretrial Order and Case Management Plan. (Doc. No. 62). On August 5, 2020, the Court denied the motion for reinstatement, denied the motion for employment records, denied Plaintiff's motion to compel, denied as moot Defendant's motion for extension of time, and granted the parties' joint motion to amend the Pretrial Order and Case Management Plan. (Doc. No. 63).

On August 6, 2020, Defendant filed a motion to compel Plaintiff's responses to a number of interrogatories and requests for document production. (Doc. No. 64, see also Doc. No. 65). On September 4, 2020, Plaintiff notified the Court that she had appealed the Court's August 5, 2020 order to the Fourth Circuit. (Doc. No. 66, later citing case no. 20-1956). On September 28, 2020, the Defendant filed a motion to amend/correct the scheduling order. (Doc. No. 69). Finally, on November 25, 2020, Defendant filed a motion to compel mediation. (Doc. No. 71). The motion to compel, motion to amend/correct the scheduling order, and the motion to compel mediation are all ripe for review.

## II. DISCUSSION

### A. Plaintiff's Interlocutory Appeal

Plaintiff has appealed the Court's August 5, 2020 order to the Fourth Circuit. (Doc. No. 66). The order in question denied two discovery motions and a preliminary injunction request. (Doc. No. 63).

Plaintiff has not filed in this Court to stay the ongoing case or any aspect thereof, and even if Plaintiff had filed to stay discovery in this case, this Court would nonetheless retain the authority to order discovery to proceed because a "stay of discovery is not mandatory pending an interlocutory appeal," Grecon Dimter, Inc. v. Horner Flooring Co., 2007 WL 1395569 at *2 (W.D.N.C. May 10, 2007). Furthermore, with regard to Plaintiff's appeal of the preliminary injunction, an "appeal of the disposition of a preliminary injunction motion does not divest the trial court of its jurisdiction to proceed on the merits. . . . Therefore, the court is in no way required to stay proceedings while Plaintiff's appeal is pending." Okocha v. Adams, 2007 WL 1074664 at *2 (M.D.N.C. Apr. 9, 2007), aff'd, 259 F. App'x 527 (4th Cir. 2007) (internal citations omitted).

This Court in its discretion opts to proceed with this case. Plaintiff has not requested a stay in this Court, and Plaintiff has not demonstrated that she would be harmed by proceeding while her appeal on the discovery and preliminary injunction order is pending. Furthermore, the parties have been litigating the case for over four years, and Defendants' series of motions (including seeking mediation) demonstrates that one party is eager to proceed, while the other has not filed to halt proceedings. The Court is unaware of any harm that would be done to either party

by proceeding on the merits. Therefore, "weighing competing interests and maintaining an even balance," Okocha, 2007 WL at *2 (citing Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)), this Court will proceed with the case while Plaintiff's interlocutory appeal is pending.

### B. Defendant's Motion to Compel

Defendant seeks to compel Plaintiff to respond to a number of interrogatories and requests for document production. Specifically, Plaintiff has sought to withhold information and documents that do not fall inside of a particular six month window of time, and also has sought to withhold information and documents that the Plaintiff deems not relevant to the lawsuit, including issues related to Plaintiff's prior involvement in lawsuits, communications regarding the underlying facts, prior criminal convictions (if any), social media posts regarding the case facts, and other such interrogatory and document requests. Plaintiff has not filed anything in opposition to Defendant's motion.

Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

4

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See Lone Star Steakhouse and Saloon, Inc. v. Alpha Va., Inc., 43 F.3d 922, 929 (4th Cir.1995).

Plaintiff has inadequately responded to Defendant's discovery requests. A party may not unilaterally decide not to respond to questions outside of a particular time period that the party has arbitrarily chosen; the discovery process is broad and allows parties to obtain information on any matter that is "relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Fed. R. Civ. P. 26(b)(1). Documents and information outside of that window can certainly be relevant, and in this case are. What is more, the parties themselves are not the ultimate determinants of relevance – the Court makes that determination. In deciding relevance here, it "is important to remember that the Court is not deciding the admissibility of evidence, but rather need only determine whether the proposed evidence is relevant to the claim or defense of any party." United States v. Duke Energy Corp., 214 F.R.D. 383, 385 (M.D.N.C. 2003), aff'd, 2012 WL 1565228 (M.D.N.C. Apr. 30, 2012). The Court has reviewed Defendant's motion to compel and finds that the Defendant is seeking relevant information in its interrogatories and requests for production. Therefore the Court will grant the motion.

C.   Defendant's Motion to Amend/Correct the Scheduling Order

Defendant moves to extend the deadlines set forth in the Pretrial Order and Case Management Plan in light of the ongoing discovery disputes. (Doc. No. 69). Defendant argues that Plaintiff has refused to respond to several discovery requests, and that the parties have been unable to conduct depositions, indicating that

5

Case 3:16-cv-00653-RJC   Document 73   Filed 12/16/20   Page 5 of 7

discovery is far from complete. (Id.). In light of the discovery delays in the case, this Court determines that there is good cause to move back the case deadlines. The Pretrial Order and Case Management Plan is amended as follows:

| DEADLINES | |
|---|---|
| **Discovery Completion:** | April 30, 2021 |
| **Expert Reports:** | January 18, 2021 (plaintiff) |
| | March 18, 2021 (defendant) |
| **Mediation:** | May 14, 2021 |
| **Dispositive Motions:** | June 1, 2021 |
| **Oral Argument on MSJs:** | On or before July 16, 2021 |
| **Jury Trial:** | September 7, 2021 |

### D. Defendant's Motion to Compel Mediation

Defendant seeks to compel Plaintiff to participate in a mediated settlement conference, which the Court previously ordered to take place by November 25, 2020 in its amended Pretrial Order and Case Management Plan. (Doc. No. 63). Defendant argues that it attempted to obtain Plaintiff's preference for a certified mediator, but that Plaintiff has not cooperated, and has asked Defendant separately to stop all action until the interlocutory appeal was complete. (Doc. No. 71). Plaintiff has not filed anything in opposition to Defendant's motion.

In this district, "[a]ll parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court." LCvR 16.2(a). The Court has discretion to compel the parties to attend such a conference. In this case, the Court has ordered that such a conference take place, and Plaintiff has refused to participate in the effort to schedule such a conference. As previously noted, the parties have been

6

litigating this case for over four years, and in an effort to allow parties to resolve their dispute without additional use of their own and the judiciary's resources, this Court has ordered a new mediation deadline and will compel Plaintiff to participate in the mediated settlement conference by that date.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion to Compel, (Doc. No. 64), is **GRANTED**;

2. Defendant's Motion to Amend the Scheduling Order, (Doc. No. 69), is **GRANTED**, with the new deadlines established by the Court in the written opinion above; and

3. Defendant's Motion to Compel Mediation, (Doc. No. 71), is **GRANTED**.

**SO ORDERED.**

Signed: December 15, 2020

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge